COMMONWEALTH vs. MICHAEL E. HART.

No. 11-P-158.

Bristol. February 2, 2012. - September 20, 2012.

Present: RAPOZA, C.J., CYPHER, MILLS, MEADE, & RUBIN, JJ.[1]

Further appellate review granted, 463 Mass. 1112 (2012).

*Resisting Arrest. Practice, Criminal,* Plea.

A District Court judge did not abuse his discretion in denying the criminal
   defendant's motion for a new trial, where a sufficient factual basis existed
   from which the judge could have concluded that the defendant's plea of
   guilty to a charge of resisting arrest was intelligent, in that the defendant
   acknowledged during a colloquy with the judge that defense counsel had
   discussed with him the nature and elements of the offense, and in that the
   waiver of rights form that the defendant signed confirmed the representa-
   tion that he was aware of the elements of the crime; and where the defend-
   ant's abusive and belligerent behavior, coupled with his interference with a
   police investigation, was sufficient to constitute resisting arrest. [449-454]
   MILLS, J., dissenting, with whom RUBIN, J., joined.

COMPLAINT received and sworn to in the New Bedford Divi-
sion of the District Court Department on October 30, 2008.

A motion for a new trial, filed on July 9, 2010, was heard by
*Thomas Barrett*, J., and a motion for reconsideration was
considered by him.

*Laura M. Mannion* for the defendant.

*William R. Connolly*, Assistant District Attorney, for the
Commonwealth.

MEADE, J. In 2009, the defendant pleaded guilty to a com-
plaint charging him with disorderly conduct in violation of
G. L. c. 272, § 53, and resisting arrest in violation of G. L.

[1]This case was initially heard by a panel comprised of Justices Mills,
Meade, and Rubin. After circulation of the opinion to the other justices of the
Appeals Court, the panel was expanded to include Chief Justice Rapoza and
Justice Cypher. See *Sciaba Constr. Corp.* v. *Boston*, 35 Mass. App. Ct. 181,
181 n.2 (1993).

c. 268, § 32B. The following year, the defendant moved for a new trial seeking to vacate his guilty pleas. The same judge who had accepted the defendant's guilty pleas denied the motion. On appeal, the defendant claims that it was an abuse of the judge's discretion to deny the motion because there did not exist a sufficient factual basis from which the judge could have concluded that the guilty plea to the resisting arrest charge was intelligent.[2] We affirm.

1. *Background.* As revealed in the prosecutor's recitation of the evidence at the plea hearing, which was supplemented by the police report offered by the defendant at the hearing on the motion for new trial,[3] the following emerges. The police were dispatched to a possible domestic dispute that had occurred at the defendant's residence. While the police conducted their investigation, the defendant arrived at the scene and began yelling and screaming, "What the fuck is going on," and "This is my fucking house." The police officers asked the defendant to calm down and they brought him outside, where a crowd of neighbors had gathered. The officers then returned inside to resume their investigation. The defendant made numerous attempts to gain access to the home, which interfered with that investigation, and he was told to wait outside.

When the defendant gained access a final time, the officers escorted him outside, called for backup, and told the defendant that if he did not cease his actions, he would be arrested. The defendant then began yelling, "Fuck that bullshit, you better not touch me motherfuckers, I don't like the fucking police." The defendant did not calm down and continued to disturb the area, and when the officers "went to place him under arrest . . . , he resisted their arrest." In an earlier portion of the prosecutor's recitation, he stated that when the officers asked the defendant to calm down, the defendant "continued to mouth off to the police and then he resisted a little bit when they went to arrest him."

2. *Discussion.* "A plea of guilty and the ensuing conviction

---

[2]The defendant does not challenge his disorderly conduct conviction.

[3]The defendant supplemented the record with the police report, from which the prosecutor read during the guilty plea colloquy. See *Commonwealth* v. *Nolan,* 19 Mass. App. Ct. 491, 492 (1985).

comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States* v. *Broce*, 488 U.S. 563, 569 (1989). "Given the solemnity of the event and its consequences, a variety of procedural protections govern the guilty plea process." *Commonwealth* v. *Hunt*, 73 Mass. App. Ct. 616, 619 (2009). There are two constitutional requirements that are necessary to assure a counselled plea is valid: the decision to plead guilty must be both voluntary and intelligent. *Ibid.*, citing *Tollett* v. *Henderson*, 411 U.S. 258, 267 (1972), and *Bousley* v. *United States*, 523 U.S. 614, 618 (1998). The defendant claims that his motion for new trial should have been allowed on the ground that his plea was not intelligent because it was not supported with a sufficient factual basis.[4] We disagree.

The basic permissible record indicators of an intelligent admission of guilt are "(1) an explanation by the judge of the elements of the crime; or (2) a representation that counsel has explained to the defendant the elements he admits by his plea; or (3) defendant's statements admitting facts constituting the unexplained elements." *Commonwealth* v. *Sherman*, 451 Mass. 332, 335 (2008), quoting from *Commonwealth* v. *Colantoni*, 396 Mass. 672, 679 (1986). See *Henderson* v. *Morgan*, 426 U.S. 637, 646 (1976); Smith, Criminal Practice and Procedure § 23.65 (3d ed. 2007).

a. *Counsel explained the elements.* If there was an insufficient factual basis in the prosecutor's recitation of the facts that purported to constitute the crime of resisting arrest, the analysis does not stop there. What the defendant and the dissent fail to consider is that a sufficient recitation of the facts admitted by the defendant is but one of three independent methods of demonstrating that a plea is intelligent. See *Commonwealth* v. *Sherman, supra.* See also *Commonwealth* v. *Furr*, 454 Mass. 101, 107 (2009) (intelligence of guilty plea may be established by any one of three methods).[5]

---

[4]The defendant does not claim his plea was involuntary. Nor does he alleged that he was unaware of the intratrial rights he was forgoing by pleading guilty, or that his plea was made without a "sufficient awareness of the relevant circumstances and likely consequences." *Brady* v. *United States*, 397 U.S. 742, 748 (1970). See *Boykin* v. *Alabama*, 395 U.S. 238, 243 (1969).

[5]In support of its conclusion that reversal of a conviction based on a guilty

In the course of the judge's colloquy with the defendant, the judge asked the defendant if he had discussed the charges with his attorney, and the defendant agreed that he had. The judge then confirmed with the defendant's attorney that he had in fact discussed the nature and elements of the offenses,[6] what the Commonwealth was obliged to prove, and any defenses that were available to the defendant. When asked, the defendant stated that he was satisfied with his attorney's advice, and that his attorney had acted in the defendant's best interest. Finally, as the plea judge specifically acknowledged at the hearing on the motion for new trial, the defendant signed a waiver of rights form, known as the "green sheet," which, among other things, confirms the representation that he was aware of the elements of the crimes. See *Commonwealth* v. *Furr*, *supra* at 109 ("[T]he defendant's signed waiver may properly be considered as part of the plea record to support a finding that the plea was made intelligently"). These representations and acknowledgments justified the judge's denial of the motion for new trial.

In support of its conclusion that reversal of a conviction stemming from a guilty plea is required when the recited facts do not support the elements of the crime, the dissent relies on *Commonwealth* v. *DelVerde*, 398 Mass. 288, 296-297 (1986), but that reliance is misplaced. *DelVerde* did not reshuffle the due process deck relative to guilty plea requirements. Rather,

---

plea is required when the recited facts do not support the elements of the crime, the dissent cites to the Reporters' Notes to Rule 12(c)(5)(A), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1438 (LexisNexis 2011-2012), which state, "The 'factual basis' standard *can* be met by having the prosecutor state for the record the evidence that the Commonwealth would have presented had the case gone to trial" (emphasis supplied). As the above emphasis demonstrates, the Reporters' Notes indicate neither a mandatory nor exclusive method of establishing the crime that defendant is admitting he committed. Indeed, the Reporters' Notes to Mass.R.Crim.P. 12(c)(5), *id.* at 1437, specifically refer to the trilogy of methods referred to above as the "three ways that the record of a plea or admission can serve as satisfactory evidence that the defendant had the requisite knowledge of the elements of the crime charged."

[6]At the hearing on the motion for new trial, the judge (who also accepted the defendant's plea) noted that the transcript of the plea colloquy included some portions that were noted as "inaudible." Based on his practice of what he asks "every time," the judge specifically added that he asks whether defendants have been advised of the elements of the offense. The defendant does not challenge this.

what the court held in that case was that the doctrine of substituted judgment would not be extended to permit a guardian to accept a plea bargain on behalf of an incompetent defendant. *Id.* at 296-298. The court reasoned that the procedure was not available because no matter what the factual basis was for establishing the defendant's guilt, "his mental responsibility for those acts [was] in serious doubt." *Id.* at 298. The court did not hold that the intelligence of a defendant's guilty plea could only be measured by the prosecutor's recitation of the factual basis for the crime admitted to by the defendant. In fact, when discussing the need for a factual basis for a guilty plea, the court twice cited *Henderson* v. *Morgan*, 426 U.S. at 645-646, which sets out the three methods of establishing the intelligence of a plea. See *Commonwealth* v. *DelVerde*, *supra* at 293, 297.

b. *Sufficient factual basis.* Although we need go no further, we note our disagreement with the defendant's claim, accepted by the dissent, regarding the sufficiency of the factual basis that supported the guilty plea. The defendant claims that no facts existed to support the crime of resisting arrest. Similarly, the dissent concludes that there was no evidence that the defendant "mouthed off" or was "disturbing the area" after the arrest was effectuated or that the defendant's conduct rose to the level of using or threatening to use physical force or violence against the police. But both claims take too narrow a view of the facts and the law. As a starting point, a reasonable person, once warned to stop his interference with an investigation or face arrest, who then continues to interfere and make profanity-laden threats of his dislike of the police and directing them not to touch him in no uncertain terms, would have known he was being arrested. See *Commonwealth* v. *Grandison*, 433 Mass. 135, 145-146 (2001) (occurrence of arrest measured objectively).

The dissent views too narrowly when an arrest is effectuated and thus excludes from consideration the defendant's words and actions occurring after the point in time in which the dissent deems that arrest to have been effectuated. As we have held, "[f]or purposes of G. L. c. 268, § 32B, the act of preventing, or attempting to prevent, the effecting of an arrest does not invite a snapshot of a moment in time that is deemed to be 'the arrest' after which the defendant's behavior becomes wholly irrelevant.

Rather, effecting an arrest is a process that begins when the [three arrest] criteria are present and ends when the person is fully detained by his submission to official force or placed in a secure location from which he can neither escape nor harm the police officer or others nearby." (Footnote omitted). *Commonwealth* v. *Knight*, 75 Mass. App. Ct. 735, 738-739 (2009). Indeed, an arrest is not necessarily complete when a suspect is handcuffed. *Id.* at 739. See *Commonwealth* v. *Katykhin*, 59 Mass. App. Ct. 261, 262-263 (2003).

Here, the defendant's abusive and belligerent behavior, coupled with his interference with the investigation, which was twice described as "resisting," was sufficient to constitute resisting arrest under either method provided by the statute. In addition, as we stated in *Commonwealth* v. *Tavernier*, 76 Mass. App. Ct. 351, 357 (2010), the crime of resisting arrest is self-explanatory. The dissent endeavors to reject this notion with an explanation based on Tavernier's conduct in that case, instead of demonstrating why this is not a commonly understood phrase, which we believe it to be. While "resisting arrest" has a legal connotation, to "resist" carries as much, if not more, of a commonly understood meaning as does "rape." See *Commonwealth* v. *Sherman*, 451 Mass. at 336-338 (admission he "forcibly raped" victim sufficient to satisfy missing element — sexual intercourse — based on common meaning of the term). Indeed, Webster's Third New International Dictionary 1932 (2002), defines "resist" as to "withstand the force or effect of: to be able to repel or ward off"; "to exert oneself to counteract or defeat: strive against: oppose." Indeed, "resisting arrest" appears as an example of the word's use. *Ibid.* See *Commonwealth* v. *Wiswall*, 43 Mass. App. Ct. 722, 723 (1997) (phrase "assault with intent to kill" in guilty plea self-explanatory on element of intent); *Commonwealth* v. *DeCologero*, 49 Mass. App. Ct. 93, 97 (2000) (judge's use of term "marketing," along with statement as to amount Commonwealth would be required to prove, made cocaine trafficking charge self-explanatory).

The defendant received, as due process required, "real notice of the true nature of the charge against him." *Henderson* v. *Morgan*, 426 U.S. at 645, quoting from *Smith* v. *O'Grady*, 312 U.S. 329, 334 (1941). The denial of the motion for new trial was not "manifestly unjust." *Commonwealth* v. *Grant*, 426

Mass. 667, 673 (1998), quoting from *Commonwealth* v. *Moore*, 408 Mass. 117, 125 (1990). The dissent's conclusion to the contrary fails to give the motion judge, who was also the plea judge, the "special deference" he deserved. *Commonwealth* v. *Grace*, 397 Mass. 303, 307 (1986). The record reveals not only a valid guilty plea but the defendant's desire to accept the bargain so that he could serve his sentence and return to a job that was waiting for him. The record also reveals that the defendant's motivation for moving to withdraw his guilty plea was to avoid his State conviction from being used as a predicate offense to enhance his sentence in a Federal proceeding. The motion for new trial was properly denied. See *Commonwealth* v. *Hiskin*, 68 Mass. App. Ct. 633, 640 (2007) (one does not plead guilty with his "fingers crossed").

> *Order denying motion for new trial affirmed.*
>
> *Order denying motion for reconsideration affirmed.*

MILLS, J. (dissenting, with whom Rubin, J., joins). I agree with the majority, of course, that a constitutionally valid plea "must be voluntary and intelligent," *Commonwealth* v. *Hunt*, 73 Mass. App. Ct. 616, 619 (2009), and that "[a] guilty plea generally is voluntary and an intelligent admission of guilt 'if the record shows . . . a representation that counsel has explained to the defendant the elements he admits by his plea.' " *Commonwealth* v. *Sherman*, 451 Mass. 332, 335 (2008), quoting from *Commonwealth* v. *Colantoni*, 396 Mass. 672, 679 (1986). However, I am not satisfied that a defense counsel's explanation of the elements of the charge relieved the judge of the independent duty to ensure that there was a factual basis for the charge. See Mass.R.Crim.P. 12(c)(5), as amended, 399 Mass. 1215 (1987); *Commonwealth* v. *DelVerde*, 398 Mass. 288, 296-297 (1986).

Pursuant to Mass.R.Crim.P. 12(c)(5), "[t]he judge shall conduct a hearing to determine the voluntariness of the plea or admission and the factual basis of the charge" and "shall not accept a plea of guilty unless the judge is satisfied that there is

a factual basis for the charge."[1] In *Commonwealth* v. *DelVerde*, the court explained that "[a] defendant's choice to plead guilty will not alone support conviction; the defendant's guilt in fact must be established. . . . Whether the defendant admits to the crime in open court, or the Commonwealth shows the factual basis for the plea, a court may not convict unless there are sufficient facts on the record to establish each element of the offense." *Commonwealth* v. *DelVerde*, 398 Mass. at 296-297 (citations omitted) (record did not show requisite evidence of defendant's mental responsibility).[2] See *Commonwealth* v. *Jenner*, 24 Mass. App. Ct. 763, 771-775 (1987) (under Mass.R. Crim.P. 12[c][5][A], trial judge must "determine . . . whether the evidence which he ha[s] heard, plus any information he has obtained in the plea hearing, is sufficient, when considered with reasonable inferences which may be drawn therefrom, to support the charge"); *Commonwealth* v. *Hernandez*, 60 Mass. App. Ct. 416, 418 (2004).

The analysis whether the defendant's plea was voluntary and intelligent is distinct from the determination whether there is a factual basis for the charge, and the gravamen of the defendant's complaint here is that there was no such factual basis. In *Commonwealth* v. *Jones*, 60 Mass. App. Ct. 88 (2003), the

---

[1]See also Reporters' Notes to Rule 12(c)(5)(A), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1438-1439 (LexisNexis 2011-2012) ("The 'factual basis' standard can be met by having the prosecutor state for the record the evidence that the Commonwealth would have presented had the case gone to trial. In addition, the court may require sworn testimony from a prosecution witness or of the defendant"); *Commonwealth* v. *DelVerde*, 398 Mass. at 297, quoting from *North Carolina* v. *Alford*, 400 U.S. 25, 37-38 (1970) (if the defendant professes innocence, the court may accept a guilty plea "if the State can demonstrate a 'strong factual basis' for the plea").

[2]The court in *Commonwealth* v. *DelVerde*, 398 Mass. at 297, cited *Henderson* v. *Morgan*, 426 U.S. 637, 645-646 (1976), as supporting the factual basis requirement. The court also found *Santobello* v. *New York*, 404 U.S. 257, 261 (1971), instructive. There, the Supreme Court explained that under Fed.R. Crim.P. 11, "the sentencing judge must develop, *on the record*, the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge. The plea must, of course, be voluntary and knowing . . . ." (Footnote omitted.) Rule 11 of the Federal Rules of Criminal Procedure, which mirrors our own Mass.R.Crim.P. 12(c)(5)(A) on the factual basis requirement, provides in pertinent part: "The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

defendant argued that his plea was not intelligent. The court noted that with respect to intelligence, "we are concerned with the defendant's awareness of the nature of the charged offenses." *Id.* at 90 n.2. The court explained that the judge "must make . . . a determination to ensure that a factual basis exists for each element of the offenses charged, see *Commonwealth* v. *DelVerde*, 398 Mass. [at] 297." *Ibid.* However, "the fact that he has done so does not conclude our inquiry as to the state of the defendant's understanding of the elements of the charges against him. This is because while it seems reasonable to suppose that the judge had a police report or some other factual synopsis before him that allowed him to ascertain the basis of the charges, the judge's state of mind is not at issue here; we are concerned with the defendant's awareness of the nature of the charged offenses." *Ibid.* Likewise, "[v]oluntariness and factual basis are distinct concepts," but "an inquiry concerning the factual basis of a charge 'can be of significant assistance to the judge in the performance of his duty to ensure that the plea is voluntarily and intelligently made,' *Commonwealth* v. *Morrow*, 363 Mass. 601, 608 (1973)." *Commonwealth* v. *Fernandes*, 390 Mass. 714, 718-719 (1984).

While the plea in this case may have been voluntary and intelligent, the evidence presented cannot provide a factual basis for the charge of resisting arrest. The prosecutor's recitation of facts provided the only evidence at the time of the plea hearing. In pertinent part, the prosecutor's narration was as follows:

> "Basically, Judge, the facts of this case are this defendant came home, the police were there dealing with an argument from two other people. He said, 'What the "F" is going on? This is my "f-ing" house,' which, apparently, it was. They proceeded outside, there was a crowd gathering and then he continued to mouth off to the police and then he resisted a little bit when they went to arrest him are the essential facts, Judge.
>
> ". . .
>
> "[J]ust kind of, honestly, Judge, kind of hard to infer with

— from the police report what exactly he did to resist. However, it says he interferes with the police. So —

". . .

"Judge, . . . this defendant arrived home, the police were at his residence when he arrived home. They asked him — He was excited, they asked him to calm down and they brought him outside. There was a crowd gathering; he continued to disturb the area. When the police went to place him under arrest for this, he resisted their arrest."

Resisting arrest requires evidence that the defendant "knowingly prevent[ed] or attempt[ed] to prevent a police officer . . . from effecting an arrest . . . by: (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another." G. L. c. 268, § 32B(*a*), inserted by St. 1995, c. 276. " '[T]he crime [of resisting arrest] is committed, if at all, at the time of the "effecting" of an arrest.' *Commonwealth* v. *Grandison*, 433 Mass. 135, 145. An arrest is effected when there is (1) 'an actual or constructive seizure or detention of the person, [2] performed with the intent to effect an arrest and [3] so understood by the person detained.' *Ibid.*, quoting from *Commonwealth* v. *Cook*, 419 Mass. 192, 198 (1994). The standard for determining whether a defendant understood that he was being arrested is objective — whether a reasonable person in the defendant's circumstances would have so understood." *Commonwealth* v. *Grant*, 71 Mass. App. Ct. 205, 208 (2008).

Here, the only facts before the judge at the plea hearing[3] were that the defendant swore twice, "mouthed off," "was excited," was asked to "calm down," and "disturb[ed] the area," all prior to the police placing him under arrest. Aside from the conclusory statement that he "resisted arrest," there is no evidence that he continued these actions after the arrest was effected. Nor is there any evidence that his conduct rose to the level of "using or threatening to use physical force or violence"

---

[3]The only additional evidence comes from the police report, which the defendant introduced on appeal and which I discuss below.

or "creat[ing] a substantial risk of causing bodily injury" once the arrest was effected. G. L. c. 268, § 32B(*a*).

The statement that the defendant "resisted arrest" provides no information about the underlying facts necessary to establish the elements of the crime charged. The majority relies on passing dicta in *Commonwealth* v. *Tavernier*, 76 Mass. App. Ct. 351, 357 (2010), to show that the charge of "resisting arrest" is "self-explanatory" such that the term obviated the need for additional facts on the record. In *Tavernier*, there was evidence that the defendant struggled when officers approached him after he had completed multiple drug transactions and attempted to place him in custody. *Ibid.* He acknowledged in his plea hearing that he "used force against officers effecting a lawful arrest." *Ibid.*[4] The court explained that a reasonable person would have known he was under arrest and that the defendant acknowledged sufficient facts in the hearing, before adding that "[i]n any event, the charge is self-explanatory." *Ibid. Tavernier* did not analyze whether a prosecutor's mere statement that the defendant "resisted arrest" provided a sufficient factual basis for the guilty plea.

I agree that "resisting arrest" carries a legal connotation, but disagree that to "resist" carries a commonly understood meaning so as to provide a factual understanding of the defendant's behavior. "Resisting arrest" does not necessarily imply particular behavior by the defendant that would constitute "using or threatening to use physical force or violence" or "other means which creates a substantial risk of causing bodily injury." G. L. c. 268, § 32B(*a*). This is made evident by the generalities in the definition cited by the majority such as to "withstand," "repel or ward off," "strive" and "oppose." By comparison, to "forcibly rape[]" commonly indicates the more specific behavior of "sexual intercourse" that was required in *Commonwealth* v. *Sherman*, 451 Mass. 332, 336 (2008). See *Commonwealth* v. *Jones*, 60 Mass. App. Ct. at 91 (neither "assault and battery" nor "intimidation of a witness" are self-explanatory, regardless of whether they have "entered common parlance").

The police report was not submitted at the plea hearing, and the judge did not have the benefit of it when determining whether

---

[4]In the case before us, there was no evidence of a struggle, and the defendant did not acknowledge that he used force during the arrest.

there was a sufficient factual basis for the plea on the record. Therefore it is irrelevant to the case before us. Even if the judge had had it, the report would not have provided the requisite factual basis. According to the report, the defendant arrived home while two officers were investigating a report of a possible domestic disturbance at his address. The defendant, who was yelling and swearing, repeatedly tried to enter the apartment despite being asked to calm down and wait outside. The officers escorted the defendant outside and called for backup. The defendant "was told . . . if he did not cease his actions he would be subject to arrest." He began yelling, "Fuck that bullshit, you better not touch me motherfuckers, I don't like the fucking police." "[He] continued to yell and swear and was subsequently placed under arrest." He was then handcuffed, read his Miranda rights, and transported to the police station.

As with the plea colloquy, this evidence cannot, without more, establish the elements of resisting arrest. The police report is explicit that the arrest was made "subsequent" to the yelling and quoted statements. Although the police had warned the defendant to calm down or "he would be subject to arrest," a reasonable person would not construe a verbal warning that they could be arrested as initiating an arrest. Nor does the record reveal additional facts that might lead a reasonable person to understand that the warning was not actually a warning and that an arrest was, in fact, occurring. See *Commonwealth* v. *Grant*, 71 Mass. App. Ct. at 209 (defendant did not resist arrest when he fled from officers who intended to arrest him because they did not objectively communicate that intention to defendant before or during pursuit).

The imprecision in the majority's assertion that a reasonable person who is warned to discontinue his interference in an investigation or face arrest and then continues to interfere "would have known he was being arrested" is a matter of real concern. Resisting arrest occurs "at the time of the 'effecting' of an arrest," an element of which is the "actual or constructive seizure or detention of the person." *Commonwealth* v. *Grant, supra* at 208, quoting from *Commonwealth* v. *Grandison*, 433 Mass. at 145, and *Commonwealth* v. *Cook*, 419 Mass. at 198. Since one cannot be criminally punished for resisting arrest based on

conduct that occurred prior to the commencement of the arrest, what the majority describes as the defendant's "profanity-laden threats of his dislike of the police and directing them not to touch him in no uncertain terms," which were part of the basis for his subsequent arrest, cannot amount to resistance to it. A defendant's conduct or statement does not initiate the actual or constructive seizure of a person; a police officer does. There is no information in the report about what the defendant did or said once the officer effected the arrest. The report thus provides no information that the defendant used or threatened physical force or created a substantial risk of causing bodily injury once the police initiated the arrest.

As there is no view of the information before the judge at the time of the entry of the plea that can support the charge of resisting arrest, I would reverse. Compare *Commonwealth* v. *Jenner*, 24 Mass. App. Ct. 763, 771-775 (1987).