Following a jury trial in the District Court, the defendant was convicted of resisting arrest and the negligent operation of a motor vehicle.[2] On appeal, he claims that the judge erred by denying his motion for required findings of not guilty at the close of the Commonwealth's evidence. We affirm.
1. Background. The jury could have found the following facts. A person, later identified as the defendant, drove a green truck into the Registry of Motor Vehicles (RMV) parking lot in Worcester at a fast speed, causing bystanders to scream and get out if its way. The driver proceeded to yell obscenities and backed into a parked vehicle. An RMV security guard, William Hinson, responded to the parking lot where he found the defendant sitting in the driver's seat of the truck. He was the only occupant of the truck.
Worcester police Officer Jon Kachadoorian, who was dressed in full police uniform, was dispatched to the RMV. Upon his arrival, Kachadoorian spoke with the defendant, who was then in line outside the RMV. The defendant was agitated, screaming, and flailing his arms around. Kachadoorian asked the defendant to step out of line. The defendant refused, used profanity, and stated, "I'm not going over there." Kachadoorian then attempted to "corral" the defendant "to walk out of the line," but he pulled away, continuing to use profane language. When the defendant pulled away, Kachadoorian put his hands on the defendant's right arm "to try to control him." The defendant, who was combative, noncompliant, agitated, and tense, told Kachadoorian, "I'm going to kill you." Kachadoorian attempted to place the defendant's arms behind his back to handcuff him. The defendant then "[stuck] his hands in his rectal area" and told Kachadoorian to "smell his farts."
Lieutenant Michael McKiernan arrived at the scene and assisted Kachadoorian in handcuffing the defendant. While the officers were handcuffing the defendant, he was "kicking backwards" and kicked Kachadoorian in the thigh twice. The defendant continued kicking at the officers even after he was handcuffed. The defendant then proceeded to "gyrat[e] like he was ... having sex with the wall." The officers "place[d] him in the wagon bodily" due to his lack of cooperation and transported him to the police station.
2. Standard of review. When reviewing the denial of motions for a required finding of not guilty, we must determine "whether, after viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). "The relevant question is whether the evidence would permit a jury to find guilt, not whether the evidence requires such a finding." Commonwealth v. Brown, 401 Mass. 745, 747 (1988), citing Commonwealth v. Nelson, 370 Mass. 192, 200-201 (1976).
a. Resisting arrest. To convict a defendant of resisting arrest, the Commonwealth must prove that the defendant "knowingly prevent[ed] or attempt[ed] to prevent a police officer ... from effecting an arrest ... by: (1) using or threatening to use physical force or violence against the police officer ...; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer." G. L. c. 268 § 32B (a ). The defendant argues that the Commonwealth presented insufficient evidence to show that he understood he was under arrest or that his actions created a substantial risk of injury to the arresting officers. We disagree.
Viewing the evidence in the light most favorable to the Commonwealth, the jury reasonably could have found that the defendant knew he was being placed under arrest. "The standard for determining whether a defendant understood that he was being arrested is objective -- whether a reasonable person in the defendant's circumstances would have so understood." Commonwealth v. Grant, 71 Mass. App. Ct. 205, 208 (2008). The defendant was both verbally and physically combative toward the police officers, threatened to kill one of the officers, and physically opposed the officers' efforts to remove him from the RMV line, subdue him, handcuff him, and transport him. No more was needed. See Commonwealth v. Nestor, N., 67 Mass. App. Ct. 225, 229 (2006) (The "restraint of the defendant's hand movements [by] the officer displayed a show of authority that would have communicated to a reasonable person that he ... was not free to leave"). See also Commonwealth v. Pimentel, 27 Mass. App. Ct. 557, 560 (1989), quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980) ("Examples of circumstances that might indicate a seizure ... [include] some physical touching of the person").
Similarly, the jury could have found that the defendant used physical force or other means that created a substantial risk of causing an injury to the police officers. In addition to kicking Kachadoorian twice and flailing his arms and hands repeatedly, the defendant "through physical movement did engage in an act of force ... by going with his body in the direction opposite from which the officer sought to take him," Commonwealth v. Katykhin, 59 Mass. App. Ct. 261, 262 (2003), when he pulled away from Kachadoorian's grasp and when he had to be placed into the transport vehicle "bodily" due to his lack of cooperation.[3]
b. Negligent operation of a motor vehicle. To convict a defendant of the negligent operation of a motor vehicle, the Commonwealth must prove that the defendant operated a motor vehicle upon a public way negligently so as to endanger the lives or safety of the public. G. L. c. 90, § 24 (2) (a ). The defendant argues that the Commonwealth presented insufficient evidence identifying him as the driver of the truck. We disagree.
"[A] conviction [for driving-related offenses] may rest entirely on circumstantial evidence." Commonwealth v. Woods, 414 Mass. 343, 354 (1993). "[I]t is not necessary to prove that the defendant had the exclusive opportunity to commit the crime[ ] and ... the inferences need not be inescapable or necessary" (citations omitted). Commonwealth v. Shea, 324 Mass. 710, 713 (1949). When Hinson came out of the building to assess the situation, he found the defendant alone in the truck sitting in the driver's seat. Hinson identified the defendant in court as the driver of the truck. RMV employees testified that they saw the truck drive into the parking lot at a fast rate of speed causing bystanders to get out of its way, that they never lost sight of the pickup truck, and that the driver yelled obscenities at them. Here, based on the reasonable inferences from the evidence, the jury were warranted in finding that the defendant was the driver of the truck.
Judgments affirmed.

The defendant also was convicted of disorderly conduct, which conviction was placed on file with his consent, and was found responsible for speeding and failure to slow down for pedestrians. The defendant was found not guilty of assault and battery by means of a dangerous weapon, and assault and battery on a police officer.
Although he filed a general notice of appeal, the arguments advanced in his brief address only the convictions of resisting arrest and negligent operation of a motor vehicle.

The defendant's acquittal of assault and battery on a police officer does not negate the sufficiency of the evidence as to his resisting arrest conviction.