COMMONWEALTH *vs.* KEVIN T. DOBBINS.

No. 09-P-2088.

Middlesex. March 9, 2011. - May 23, 2011.

Present: LENK, GREEN, & KATZMANN, JJ.

*Resisting Arrest. Practice, Criminal,* Instructions to jury.

At the trial of an indictment charging the defendant with resisting arrest, no substantial risk of a miscarriage of justice arose from the judge's failure to give, sua sponte, an instruction to the jury to consider only the defendant's prearrest conduct, where the facts of the case were adequate to support a conclusion that the jury relied on solely the events at the scene of the arrest in reaching their verdict, given that the prosecutor focused both her opening and closing statements on the defendant's prearrest conduct, and given that the judge's instructions did not implicitly authorize the jury to consider the defendant's postarrest conduct. [556-558]

INDICTMENT found and returned in the Superior Court Department on May 11, 2004.

The case was tried before *Sandra L. Hamlin,* J.

*Richard J. Farrell, Jr.,* for the defendant.

*Fawn D. Balliro Andersen,* Assistant District Attorney, for the Commonwealth.

LENK, J. On May 23, 2007, a jury convicted the defendant, Kevin T. Dobbins, of resisting arrest, G. L. c. 268, § 32B.[1] The defendant appeals from that conviction, arguing that the judge's failure to give either a limiting instruction regarding which of the defendant's actions could constitute resisting arrest, or a unanimity instruction, resulted in a substantial risk of a miscarriage of justice. We affirm.

*Background.* Based on the evidence at trial, the jury could have found the following facts. On May 3, 2003, a neighbor of

---

[1] The outcomes of several other related charges are not relevant to this appeal.

the defendant alerted Woburn police that a man he believed to be the defendant was driving erratically on their street. The police observed the reported vehicle in the driveway of the defendant's house. The defendant was seated inside the vehicle, talking on the telephone. A police officer approached, smelled the odor of alcohol, and saw several cans of beer in the car. The defendant's speech was slurred.

The defendant left the car and began to walk away from the officer, toward the house. The officer followed and, concerned that the defendant was intoxicated and might later attempt to drive the vehicle, informed the defendant that he was "going to be arrested." When the officer took hold of the defendant's arm, the defendant began to flail his arms. Another officer arrived, and while the officers attempted to handcuff the defendant, he started to "fight" them by "swinging with his left hand and trying to push away and pull away and get away" as well as "punching with a fist" and "swinging" in the directions of the officers. One officer sustained a finger laceration and bruised elbow during the struggle.

The officers subdued the defendant with pepper spray, placed him on the ground, handcuffed him, and placed him in the back of the cruiser. On the way to the police station, the defendant kicked the door and window of the cruiser repeatedly. Once in the station, during booking, the defendant remained belligerent and continued swinging his fist. Due to this behavior, the defendant was placed in a cell before the booking process had been completed.

*Discussion.* The crime of resisting arrest[2] occurs at the time the arrest is "effected," i.e., when there "is (1) 'an actual or constructive seizure or detention of the person, [2] performed with the intention to effect an arrest and [3] so understood by the person detained.'" *Commonwealth* v. *Grandison*, 433 Mass. 135, 145 (2001) (*Grandison*), quoting from *Commonwealth* v. *Cook*, 419 Mass. 192, 198 (1994). In light of this, "a resisting

---

[2]The relevant portion of G. L. c. 268, § 32B, inserted by St. 1995, c. 276, provides: "(*a*) A person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by: (1) using or threatening to use physical force or violence against the police officer or another . . . ."

arrest conviction can, in no way, rest on postarrest conduct."
*Grandison, supra.* On appeal, the defendant argues that, the
judge having failed to explicitly instruct otherwise, "the jury
may, at least in part, have rested their verdict on an event incap-
able of supporting a guilty verdict, i.e., the events at the sta-
tion," thereby resulting in a substantial risk of a miscarriage of
justice. *Grandison, supra* at 147. As the defendant neither
requested a limiting instruction nor objected to its absence, we
review for a substantial risk of a miscarriage of justice.

Here, the defendant's arrest was effected at his house, in a
process that continued until police gained control of the defend-
ant and placed him in the cruiser. See *Grandison, supra* at 146
(arrest was effectuated at the scene); *Commonwealth* v. *Katy-
khin,* 59 Mass. App. Ct. 261, 262-263 (2003) (defendant's arrest
effectuated when "he was fully detained in the cruiser"); *Com-
monwealth* v. *Ocasio,* 71 Mass. App. Ct. 304, 306, 311 (2008)
(process of "effecting" arrest continued until defendant was
placed in cruiser); *Commonwealth* v. *Knight,* 75 Mass. App. Ct.
735, 739 (2009) (*Knight*) (effecting an arrest "ends when the
person is fully detained by his submission to official force *or
placed in a secure location from which he can neither escape
nor harm the police officer or others nearby"* [emphasis
supplied]).[3],[4]

While the judge should have instructed the jury to consider
only prearrest conduct in evaluating the resisting arrest charge,
the facts here, when viewed in the context of a substantial risk
analysis, are adequate to support our ultimate conclusion that
the jury relied on "solely the events at the scene in reaching
their verdict." *Grandison, supra* at 147. Unlike in *Grandison,*
where the prosecutor emphasized the defendant's postarrest
conduct in her closing statement, here the prosecutor confined

---

[3]Because the defendant's arrest was fully effected when he was placed in
the cruiser, the Commonwealth's argument that the defendant's conduct at the
police station was part of a pattern of "continuing conduct" of resisting arrest
is not persuasive. Cf. *Grandison, supra* at 147 ("We add that our determina-
tion here has no bearing on prosecutions based on a continuing course of
conduct"); *Knight, supra* at 740 (defendant's belligerent conduct was "continu-
ous," despite any brief pause, until he was placed in the cruiser, at which
point the arrest was effected).

[4]The defendant does not dispute, nor could he, that his prearrest conduct
rose to the level of "resisting arrest" under G. L. c. 268, § 32B.

her arguments to prearrest conduct. Compare *Grandison, supra* at 146 (postarrest conduct "figured prominently in the prosecutor's closing," including references to a video of the defendant's postarrest conduct during booking). The prosecutor here, in contrast, focused both her opening and closing statements regarding the resisting arrest charge on what happened "at that house that night," i.e., the defendant's prearrest conduct, and made no mention of the postarrest conduct in the police cruiser or station.[5]

Similarly, though the judge did not explicitly instruct the jury to not consider the defendant's postarrest conduct, her instructions were of an order of magnitude better than those deemed deficient in *Grandison, supra* at 146-147, where the judge simply instructed the jury to consider "the evidence as a whole." Here, the judge instructed the jury that "a person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer . . . from effectuating an arrest of him . . . ." The evidence was plain that the arrest had been effectuated by the time the defendant was secured in the cruiser. From these instructions, we discern no risk that "the judge implicitly authorized the jury to consider the events at the station in weighing the resisting arrest charge." *Grandison, supra* at 147. On the facts at hand, we likewise discern no substantial risk of a miscarriage of justice in the judge's failure to give a limiting instruction,[6] sua sponte.

*Judgment affirmed.*

---

[5]Specifically, the prosecutor stated, "This defendant was resisting arrest and that went on for minutes at that house that night on Pearl Street, minutes."

[6]Having concluded with reasonable certainty that the jury relied solely on the defendant's prearrest conduct in reaching their verdict on the resisting arrest charge, we need not reach the defendant's argument that the judge erred in failing to give a unanimity instruction.