Commonwealth *vs.* Nicholas B. Loring. November 19, 2012. *Sex Offender. Sex Offender Registration and Community Notification Act. Practice, Criminal,* Plea.

The defendant, Nicholas Loring, has been finally classified by the sex offender registry board (board) as a level two sex offender. On June 20, 2008, while he was living in Brockton, he registered, as required by G. L. c. 6, § 178F ½, with the Brockton police department. When he failed to register

---

again a few months later during the month of his birth — in September, 2008 — he was charged in the District Court with a single count of failing to register as a sex offender in violation of G. L. c. 6, § 178F ½. At a plea hearing, after the prosecutor's recitation of facts and a colloquy, the District Court judge accepted his guilty plea. The defendant was sentenced to one year in a house of correction, together with community parole supervision for life. He appealed from that sentence, and the appeal was stayed pending resolution in the District Court of his motion to withdraw the guilty plea. His appeal from the denial of that motion was consolidated with the initial appeal, and we then granted his application for direct appellate review. We now reverse.

Treating the defendant's motion to withdraw his plea as a motion for a new trial, *Commonwealth* v. *Conaghan*, 433 Mass. 105, 106 (2000), and recognizing that such a motion is addressed to the trial judge's sound discretion, we review the judge's decision for abuse of discretion or clear error of law, and we reverse only if it appears "manifestly unjust, or . . . the [proceeding] was infected with prejudicial constitutional error." *Commonwealth* v. *Russin*, 420 Mass. 309, 318 (1995). Accord *Commonwealth* v. *Furr*, 454 Mass. 101, 106 (2009). It is well established that "[d]ue process requires that 'a guilty plea should not be accepted, and if accepted must be later set aside,' unless the contemporaneous record contains an affirmative showing that the defendant's plea was intelligently and voluntarily made." *Id.*, quoting *Commonwealth* v. *Foster*, 368 Mass. 100, 102 (1975). In this case, the defendant argues that the plea was not valid because the facts to which he admitted were insufficient to support a conviction. We agree. A plea does not relieve the Commonwealth of its burden of proof, and if there is no factual basis for the crime charged, a fortiori, there can be no valid plea. *Commonwealth* v. *DelVerde*, 398 Mass. 288, 297 (1986). See Mass. R. Crim. P. 12 (c) (5) (A), as appearing in 442 Mass. 1511 (2004). See also *Commonwealth* v. *Morrow*, 363 Mass. 601, 607-608 (1973) (a "plea of guilty is an admission of the facts charged").

Under the sex offender registry law, G. L. c. 6, § 178F ½, a Massachusetts resident who is neither homeless nor determined to be a sexually violent predator, but who is classified as a level two or level three offender, must:

> "appear in person annually at the local police department in the city or town in which such sex offender lives . . . to verify that the registration data on file remains true and accurate. . . . In addition, in each *subsequent year* during the month of birth of any sex offender required to register, the board shall mail a nonforwardable verification form to the last reported address of such sex offender. . . . Such sex offender shall, within five days of receipt, sign the verification form . . . and register in person at the police department in the municipality in which such sex offender lives . . . ."

(Emphasis added.) The adjective "subsequent" modifies the noun "year" and means "[f]ollowing or succeeding in time; existing or occurring after." 17 Oxford English Dictionary 56 (2d ed. 1989). In its ordinary usage, an obligation occurring in a "subsequent year" means the year following the reference year, i.e., the year after the year in which the offender obtained an address in a particular municipality requiring registration at "the local police department." G. L. c. 6, § 178F ½. Absent a change of address, the registration and verifica-

tion obligations that are "[i]n addition" to that requirement first arise in the calendar year following initial registration. In this case, the defendant's obligation to return his verification form and register in person at the police department arose during the calendar year following his June, 2008, registration at the "local police department" in Brockton, where he then lived.

Although the defendant admitted during the plea hearing that he did not register in his birth month (September) in 2008, the statute did not require him to do so. Being under no obligation to register or submit a verification form in September, 2008, he could not be convicted of the offense of failure to register. G. L. c. 6, § 178E. *Commonwealth* v. *DelVerde, supra* at 296 ("defendant's choice to plead guilty will not alone support conviction; the defendant's guilt in fact must be established"). Because "a court may not convict unless there are sufficient facts on the record to establish each element of the offense," *id.* at 297, the defendant's plea was invalid, and the defendant's motion to withdraw the plea should have been allowed.

The order denying the defendant's motion to withdraw his guilty plea and for a new trial is reversed, the judgment is vacated, and an order shall enter allowing the motion to withdraw the plea. We need not address the remaining issues raised on appeal.

*So ordered.*

*Andrew S. Crouch* for the defendant.

*Matthew J. Libby*, Assistant District Attorney, for the Commonwealth.