Commonwealth v. Hart.

COMMONWEALTH vs. MICHAEL E. HART.

Bristol. November 7, 2013. - February 26, 2014.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, & DUFFLY, JJ.

*Resisting Arrest. Practice, Criminal,* Plea.

This court concluded that Mass. R. Crim. P. 12 (c) (5) (A) imposes, on a
judge accepting a defendant's guilty plea, a duty to determine that a suf-
ficient factual basis exists for the charge, an inquiry that is separate and
distinct from the question whether the defendant's plea is voluntary and
intelligent. [325-326]

A District Court judge abused his discretion in denying a criminal defendant's
motion for a new trial, in which the defendant sought to vacate his plea of
guilty to a charge of resisting arrest in violation of G. L. c. 268, § 32B (*a*),
on the ground that there was no factual basis for the crime, where the rec-
ord of the defendant's plea hearing did not contain any evidence or state-
ment of facts that the defendant had committed the crime, other than the
prosecutor's twice-made statement that the defendant "resisted" the police.
[326-328]

COMPLAINT received and sworn to in the New Bedford Divi-
sion of the District Court Department on October 30, 2008.

A motion for a new trial, filed on July 9, 2010, was heard by
*Thomas Barrett,* J., and a motion for reconsideration was con-
sidered by him.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Laura B. Banwarth* for the defendant.

*William R. Connolly,* Assistant District Attorney, for the
Commonwealth.

BOTSFORD, J. In February of 2009, the defendant pleaded
guilty in the District Court to complaints charging him with
disorderly conduct, G. L. c. 272, § 53, and resisting arrest,
G. L. c. 268, § 32B. The following year, the defendant filed a
motion for a new trial seeking to vacate his plea to the charge
of resisting arrest; he argued in part that there was no factual

basis for the crime.[1] The same District Court judge who had taken the defendant's guilty plea heard the motion and thereafter denied it;[2] the defendant appealed. A divided panel of the Appeals Court affirmed the denial of the defendant's motion, see *Commonwealth* v. *Hart*, 82 Mass. App. Ct. 448 (2012), and we granted the defendant's application for further appellate review. Essentially for the reasons set forth in the opinion of the dissenting Justices in the Appeals Court, see *id.* at 454 (Mills, J., dissenting, with whom Rubin, J., joined), we reverse.

*Background.* 1. *The incident.*[3] On October 30, 2008, the defendant arrived at his apartment on Hemlock Street in New Bedford to find the police there, investigating a potential domestic disturbance.[4] The defendant became excited, began yelling and cursing, and made numerous attempts to enter the apartment, despite being told by the officers to calm down and wait outside. Because the defendant continued to enter and interfere with the investigation, the officers escorted him outside, where a crowd had gathered, and told him that if he did not cease his actions, he would be subject to arrest. The defendant yelled, "Fuck that bullshit, you better not touch me motherfuckers, I don't like the fucking police," and he continued thereafter to yell and curse. He subsequently was arrested and charged by complaint with disorderly conduct and resisting arrest.

2. *Plea hearing.* On February 18, 2009, the defendant tendered guilty pleas to both charges at a hearing before a District Court judge. At the hearing, the prosecutor provided two summaries of the facts, each of which stated that the defendant had resisted arrest but neither of which explained how the defendant was claimed to have done so.[5] The judge confirmed with defense counsel that the defendant was going to plead guilty despite the

---

[1]The defendant did not challenge his disorderly conduct conviction.

[2]The defendant also filed a motion to reconsider, which was denied.

[3]The background facts are taken from the guilty plea hearing and from a police report that the defendant filed in connection with his motion for a new trial.

[4]The alleged disturbance that the police were dispatched to investigate did not appear to involve the defendant; the parties do not argue otherwise.

[5]At the outset of the plea hearing, the prosecutor stated:

"Basically, Judge, the facts of this case are [that] this defendant came home, the police were there dealing with an argument from two other

prosecutor's admission that it was difficult to infer what the defendant did to resist arrest. The defendant confirmed that he had discussed the charges with his counsel, and defense counsel affirmed that he had advised the defendant of the nature and elements of the offenses. The judge accepted the guilty pleas and sentenced the defendant on the two charges to concurrent sentences of three months in a house of correction, suspended for one year.

In November, 2009, the defendant was found in violation of his probation, and the judge imposed the suspended sentence of three months in a house of correction, which was deemed served. The defendant, represented by new counsel, filed a motion for a new trial on July 9, 2010, on grounds of ineffective assistance of counsel and errors in the guilty plea colloquy. On August 4, 2010, the plea judge denied the motion after hearing, and on January 3, 2011, denied the defendant's motion for reconsideration.

*Discussion.* 1. A defendant's motion for a new trial that seeks to withdraw a guilty plea is addressed to the plea judge's sound discretion, and we review the judge's decision for abuse of discretion or clear error of law. *Commonwealth* v. *Russin*, 420 Mass. 309, 318 (1995). Accord *Commonwealth* v. *Furr*, 454 Mass. 101, 106 (2009).

---

people. He said, 'What the 'F' is going on? This is my 'f-ing house,' which, apparently, it was. They proceeded outside, there was a crowd gathering and then he continued to mouth off to the police and then he resisted a little bit when they went to arrest him are the essential facts, Judge.

". . .

"He didn't strike anybody, Judge. He's not charged with — just kind of, honestly, Judge, kind of hard to infer with — from the police report what exactly he did to resist. However, it says he interferes with the police. So —"

Thereafter, during the formal plea colloquy, when asked by the judge to state the facts, the prosecutor stated:

"[O]n October 30, 2008, this [d]efendant arrived home, the police were at his residence when he arrived home. They asked him — He was excited, they asked him to calm down and they brought him outside. There was a crowd gathering; he continued to disturb the area. When the police went to place him under arrest for this, he resisted their arrest."

2. For a guilty plea to be valid, it must be made voluntarily[6] and intelligently. See *Huot* v. *Commonwealth*, 363 Mass. 91, 99 (1973). See also *Boykin* v. *Alabama*, 395 U.S. 238, 242-243 (1969). The intelligence requirement may be met in one of three ways: the judge may explain the elements of the crime to the defendant; the defendant's counsel may explain the elements of the crime to the defendant; or the defendant may "admit[] the facts constituting the crime . . . even if he is not aware that the facts he admit[s] are the elements of the crime." *Commonwealth* v. *Colantoni*, 396 Mass. 672, 679-680 (1986). See *Henderson* v. *Morgan*, 426 U.S. 637, 646 (1976); *Commonwealth* v. *Furr*, 454 Mass. at 107-108.

The defendant argues that Mass. R. Crim. P. 12 (c) (5) (A), as appearing in 442 Mass. 1511 (2004), imposes a separate and independent duty on the judge to determine that a sufficient factual basis exists for the charge.[7] We agree.

A judge may not accept a guilty plea "unless there are sufficient facts on the record to establish each element of the offense." *Commonwealth* v. *DelVerde*, 398 Mass. 288, 297 (1986). See *Commonwealth* v. *Loring*, 463 Mass. 1012, 1013 (2012) ("A plea does not relieve the Commonwealth of its burden of proof, and if there is no factual basis for the crime charged, a fortiori, there can be no valid plea"). For this reason, as rule 12 (c) (5) (A) indicates, every plea hearing involves a two-part process in which the judge "must interrogate the defendant on the record to ascertain whether the plea and its

---

[6] As the Appeals Court noted, the defendant does not claim that his plea was involuntary. See *Commonwealth* v. *Hart*, 82 Mass. App. Ct. 448, 450 n.4 (2012).

[7] Rule 12 (c) (5) (A) of the Massachusetts Rules of Criminal Procedure, as appearing in 442 Mass. 1511 (2004), provides:

"(5) Hearing on Plea; Acceptance. The judge shall conduct a hearing to determine the voluntariness of the plea or admission *and the factual basis of the charge.*

"(A) Factual Basis for Charge. *A judge shall not accept a plea of guilty unless the judge is satisfied that there is a factual basis for the charge.* The failure of the defendant to acknowledge all of the elements of the factual basis shall not preclude a judge from accepting a guilty plea. Upon a showing of cause the tender of the guilty plea and the acknowledgement of the factual basis of the charge may be made on the record at the bench." (Emphasis added.)

concomitant waiver of rights are knowing, voluntary, and intelligent," and he "must *also* determine whether the defendant's admission, or his admission supplemented by the State's offer of proof, demonstrates a strong factual basis for the plea" (emphasis added). *Commonwealth* v. *DelVerde, supra* at 300 (citation omitted). See *Commonwealth* v. *Jenner,* 24 Mass. App. Ct. 763, 771 (1987). See also *Commonwealth* v. *Jones,* 60 Mass. App. Ct. 88, 90 n.2 (2003).

We agree with the dissenting Justices of the Appeals Court that the question whether a defendant's plea was voluntary and intelligent is separate and distinct from the question whether the record of the plea establishes a factual basis for the crime charged. *Hart,* 82 Mass. App. Ct. at 455 (Mills, J., dissenting, with whom Rubin, J., joined). For a guilty plea to be valid, both of these questions must be answered in the affirmative; contrary to the view of the Appeals Court, see *id.* at 450, the factual basis requirement is not necessarily satisfied so long as the record establishes, in one of the three permissible ways, see *Commonwealth* v. *Colantoni,* 396 Mass. at 679, that the plea was intelligent.

3. We turn to whether the record of the plea reflects a sufficient factual basis for the defendant's guilty plea to resisting arrest. It does not.

General Laws c. 268, § 32B (*a*), defines the crime of resisting arrest as follows:

> "A person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by: (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another."

The record of the defendant's plea hearing does not contain any evidence or statement of facts that would meet either of the statute's alternatives. All the prosecutor stated — and the prosecutor was the sole source of factual information about the defendant's arrest — was that the defendant, on encountering

police at his apartment when he returned home, began to curse at the officers; the defendant was "excited"; when the officers removed the defendant from the apartment and brought him outside where a crowd was gathering, the defendant continued to "mouth off" and to "disturb the area"; and when the officers went to arrest him for this conduct, he "resisted" them.[8] See note 5, *supra.* Nothing the prosecutor said suggested the defendant used force or threatened the use of force in connection with the arrest. Rather, the prosecutor specified, in response to a question by the judge, that the defendant did not strike anyone, and with respect to the defendant's cursing and "mouth[ing] off," as described by the prosecutor, the defendant's verbal tirade did not include any threat to use force.[9] At the end of the

---

[8]The prosecutor first stated that the defendant "resisted a little bit" when the officers went to arrest him; the second statement of facts left out "a little bit."

[9]In concluding that there was a sufficient factual basis for the resisting arrest charge, the Appeals Court opined, "[A] reasonable person, once warned to stop his interference with an investigation or face arrest, who then continues to interfere and make profanity-laden threats of his dislike of the police and directing them not to touch him in no uncertain terms, would have known he was being arrested." *Commonwealth* v. *Hart*, 82 Mass. App. Ct. at 452. The record makes clear that the facts to which the Appeals Court alludes in this statement were derived entirely from the police report of the incident. The police report, however, was not before the judge at the time of the plea but was presented to him only in connection with the defendant's motion for a new trial filed eighteen months after the guilty plea was accepted. Accordingly, the police report cannot be relied on to supply the missing factual basis of the resisting arrest charge. Cf. *Commonwealth* v. *Jones*, 60 Mass. App. Ct. 88, 90 n.2 (2003) (in reviewing whether record of guilty plea sufficiently indicated factual basis of offenses charged in order to assess validity of plea, court noted, "[W]hile it seems reasonable to suppose that the judge had a police report . . . before him that allowed him to ascertain the basis of the charges, the judge's state of mind is not at issue here; we are concerned with the defendant's awareness of the nature of the charged offenses").

Moreover, even assuming the police report were available at the plea hearing, the report would not be sufficient to supply the requisite factual basis for the charge. The Appeals Court concluded that "the defendant's abusive and belligerent behavior, coupled with his interference with the investigation, which was twice described as 'resisting,' was sufficient to constitute resisting arrest under either method provided by [G. L. c. 268, § 32B]." *Commonwealth* v. *Hart*, 82 Mass. App. Ct. at 453. In fact, the police report — like the prosecutor's statements to the judge, see note 5, *supra* — makes very clear that the defendant's abusive and belligerent conduct at issue occurred *before* the police "went to" arrest him (in the prosecutor's words). See *id.* at 459-460

day, all the record includes on this subject by way of facts is the prosecutor's twice-made statement that the defendant "resisted" the police when they went to arrest him. We do not accept the Appeals Court's view that the crime of resisting arrest is "self-explanatory," or that the word "resist" has a "commonly understood" meaning that makes the definition of "resisting arrest" obvious. See *Commonwealth* v. *Hart*, 82 Mass. App. Ct. at 453. See also *Commonwealth* v. *Tavernier*, 76 Mass. App. Ct. 351, 357 (2010). As recent cases decided by this court and the Appeals Court demonstrate, whether the crime of resisting arrest has been made out is an intensely factual, nuanced inquiry that must consider the nature of the defendant's conduct or actions and the sequence of those actions in relation to corresponding action by the police officers involved.[10] In this case, the necessary facts are completely absent, and the defendant's guilty plea to that charge must be vacated.

*Conclusion.* We reverse the denial of the defendant's motion for a new trial and remand the case to the District Court for further proceedings.

*So ordered.*

(Mills, J., dissenting, with whom Rubin, J., joined). We accept that effecting arrest may be a "process," see *Commonwealth* v. *Soun*, 82 Mass. App. Ct. 32, 34-35 (2012), but it does not begin until "there is [1] an actual or constructive seizure or detention of the person, [2] performed with the intention to effect an arrest and [3] so understood by the person detained." *Commonwealth* v. *Grandison*, 433 Mass. 135, 145 (2001) (quotation and citations omitted). As the dissenting Justices in the Appeals Court point out, conduct of the defendant that formed part of the basis for his subsequent arrest (for disorderly conduct) and took place before there was any actual or constructive seizure of him does not and cannot amount to resistance to that arrest. See *Commonwealth* v. *Hart, supra* (Mills, J., dissenting, with whom Rubin, J., joined).

[10]See, e.g., *Commonwealth* v. *Montoya*, 457 Mass. 102, 104-106 (2010); *Commonwealth* v. *Grandison*, 433 Mass. at 144-146; *Commonwealth* v. *Soun*, 82 Mass. App. Ct. at 33-37; *Commonwealth* v. *Dobbins*, 79 Mass. App. Ct. 555, 557 (2011); *Commonwealth* v. *Knight*, 75 Mass. App. Ct. 735, 739 (2009); *Commonwealth* v. *Lender*, 66 Mass. App. Ct. 303, 304-306 (2006); *Commonwealth* v. *Maylott*, 65 Mass. App. Ct. 466, 467-470 (2006); *Commonwealth* v. *Katykhin*, 59 Mass. App. Ct. 261, 262-264 (2003). See also *Commonwealth* v. *Quintos Q.*, 457 Mass. 107, 109-111 (2010) (considering sufficiency of evidence as to whether officers intended to effect arrest and juvenile reasonably so understood); *Commonwealth* v. *Grant*, 71 Mass. App. Ct. 205, 209-210 (2010).