The defendant, Raneek Sorrell, appeals from an order denying his motion to withdraw his guilty plea and for a new trial. The defendant argues on appeal, among other things, that the judge erred in denying his motion because there was an insufficient factual basis set forth in his guilty plea for the crime of simple possession of marijuana. We agree and, thus, reverse the order denying the defendant's motion to withdraw his guilty plea and for a new trial.
Background. The defendant was charged with the following: (1) possession of a controlled substance near a school zone, in violation of G. L. c. 94C, § 32J ; (2) possession of a class D substance with the intent to distribute, in violation of G. L. c. 94C, § 32C ; (3) disturbing a school or other assembly, in violation of G. L. c. 272, § 40 ; and (4) carrying a dangerous weapon, in violation of G. L. c. 269, § 10(b ). At the plea hearing, the prosecutor and the defendant entered a plea bargain where the parties agreed to the "dismiss[al] [of] the school zone [charge]" and a reduction of the charge of "possession [of a class D substance] with intent [to distribute] ... to [a charge of simple] possession [of a] [c]lass D substance," in violation of G. L. c. 94C, § 34. The parties also agreed to enter a continuance without a finding for two years for the charges of disturbing a school or other assembly, carrying a dangerous weapon, and unlawful possession of a class D substance. At his plea hearing, the defendant admitted to the following facts, as recited by the prosecutor:
"January 6, 2011 at approximately 11:10 A.M. the officers were posted in the second floor main hallway [of Dorchester Academy] when [the defendant] approached the Sergeant and stated he just got shoved into a brick wall, head first, while inside stairwell number 6 by a fellow student, [name omitted]. [The defendant] was immediately referred to the nurse for cuts and scrapes to his left temple area.
"[The] [r]eporting officer then made contact with [the fellow student] who stated that he was walking up the stairwell after lunch with [the defendant] ... [and] the defendant ... claimed to have really good weed on him for sale. [The defendant] then placed or produced several plastic bags of marijuana from his hat. [The fellow student] felt as though [the defendant] was charging too much for cheap weed.
"A physical altercation [ensued] in which both parties were pushing and shoving one another.... The Community Field Coordinator, Karen Greene [ph], conducted an administrative search of the defendant ... and recovered four individually packaged plastic bag[s] containing a green leafy substance, marijuana, from [the defendant's] hat.
"At this time [the defendant] was advised that he was being placed under arrest and he was handcuffed.... [W]hen he was arrested they found and recovered a 3.5 inch serrated black M-Tech knife from the defendant's pants' pocket."
Discussion. "Treating the defendant's motion to withdraw his plea as a motion for a new trial, and recognizing that such a motion is addressed to the trial judge's sound discretion, we review the judge's decision for abuse of discretion or clear error of law, and we reverse only if it appears 'manifestly unjust, or ... the [proceeding] was infected with prejudicial constitutional error.' " Commonwealth v. Loring, 463 Mass. 1012, 1013 (2012) (citations omitted). "A judge may not accept a guilty plea unless there are sufficient facts on the record to establish each element of the offense." Commonwealth v. Hart, 467 Mass. 322, 325 (2014) (quotation omitted). "[B]y pleading guilty, a defendant waives his right to be convicted on proof beyond a reasonable doubt." Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015). "Accordingly, a judge accepting a guilty plea 'is not required to determine whether the defendant is or is not guilty of the offense charged.' " Ibid. (citation omitted). Instead, the judge "need determine only whether the evidence which he had heard, plus any information he has obtained in the plea hearing, is sufficient, when considered with reasonable inferences which may be drawn therefrom, to support the charge to which the defendant is offering a plea of guilty." Ibid. (citation omitted). "Relief under rule 30(b) is 'limited to cases where "it appears that justice may not have been done." ' " Id. at 760, quoting from Commonwealth v. Lopez, 426 Mass. 657, 662 (1998).
General Laws c. 94C, § 34, as amended by St. 2008, c. 387, § 5, provides that "[n]o person knowingly or intentionally shall possess a controlled substance" and that "[a]ny person who violates this section by possession of more than one ounce of marihuana ... shall be punished by imprisonment in a house of correction for not more than six months or a fine of five hundred dollars, or both." According to the plain language of the statute, the Commonwealth must show that the defendant possessed more than one ounce of marijuana in order to prove that he violated the statute. Contrast Commonwealth v. Keefner, 461 Mass. 507, 511-512 (2012) ("[I]n addition to expressly decriminalizing the possession of one ounce or less of marijuana, [St. 2008, c. 387, § 5,] specifically amended § 34 [the simple possession statute] to set forth an exemption of possession of marijuana of one ounce or less under § 32L from the crime of unlawful possession and set forth an exemption of possession of marijuana of one ounce or less under § 32L from the penalties associated with simple possession").
Here, the Commonwealth failed to recite any facts during the defendant's plea colloquy as to the amount of marijuana that the defendant possessed at the time of his arrest. Moreover, there was no information provided in the plea hearing that would have allowed the judge to draw the reasonable inference that the defendant possessed more than one ounce of marijuana at the time of his arrest.
Accordingly, the order denying the defendant's motion to withdraw his guilty plea and for a new trial is reversed.[2]
So ordered.
Reversed.

Because we vacate the defendant's guilty plea based on the foregoing reasons, we need not reach the defendant's remaining arguments: (1) that his plea was not given voluntarily, intelligently, and knowingly because he did not understand the nature of the elements of unlawful possession and, instead, he merely thought that he was being charged with a civil violation; (2) that his plea counsel was ineffective in regard to immigration matters; and (3) that he improperly was denied an evidentiary hearing.