Following a jury trial in the District Court, the defendant was convicted of resisting arrest, see G. L. c. 268, § 32B.[2] On appeal, he argues that (1) the judge's instruction to the jury on the elements of resisting arrest were inadequate, (2) trial counsel was ineffective for soliciting allegedly prejudicial testimony during his cross-examination of a police officer, and (3) the evidence was insufficient to support the conviction. We affirm.
Background. We summarize the relevant facts in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). On the afternoon of July 21, 2015, Sergeant Julio Toledo was driving an unmarked police vehicle on Chestnut Street in Springfield with two other officers, Thomas Hervieux and Robert Gayle, when he observed a vehicle with a broken tail light. All three officers were in uniform. Toledo activated his vehicle's lights and siren upon which the driver of the car, the defendant, pulled over and stopped. When Toledo approached the driver's side of the car, the defendant had slumped down in his seat and was "scrambling" around brushing "stuff" off of his chest.[3] Toledo instructed the defendant to place his hands on the steering wheel, and when he did not do so, Toledo opened the car door. He noticed a small (twelve-inch) baseball bat between the seat and the door. Upon seeing the bat, Toledo held the defendant's arms and ordered him out of the car. The defendant did not comply, telling Toledo to "Get the fuck off me."
Toledo and Hervieux removed the defendant from the car and placed his hands on the hood. Ignoring an order not to move his hands, the defendant put his hands in his pockets and clenched his fists. At this point, a bystander yelled that the defendant had something in his hands. The officers attempted to open the defendant's hands, whereupon the defendant began to flail his arms, kicked Toledo's leg, and then kneed him in the torso. Hervieux intervened and forced the defendant to the ground, where a struggle ensued. The officers eventually managed to handcuff the defendant, who was then transported to the police station. During the ride to the station, the defendant apologized for his behavior.
The defendant testified at trial and provided a different version of events. According to the defendant, he had fully complied with all instructions given by the arresting officers and had not struggled against them. In particular, the defendant denied flailing his arms or kicking his legs. The defendant also presented evidence from which the jury could conclude that his brake light was not broken. Earlier that same day, the defendant had taken his car for an oil change at a local Jiffy Lube. The manager of the Jiffy Lube testified that based on the defendant's receipt from the oil change, all indicator lights on the car were working. The receipt was admitted in evidence.
Discussion. 1. Jury instructions. The judge instructed the jury on the offense of resisting arrest and included supplemental instructions on police use of unreasonable or excessive force and unlawful arrest not being a defense, in accordance with the Criminal Model Jury Instructions for Use in the District Court. See Instruction 7.460 of the Criminal Model Jury Instructions for Use in the District Court (2009). During the course of the deliberations, the jury asked to be reinstructed on the offenses of assault and battery on a police officer and resisting arrest. However, when the jury were brought into the court room to be reinstructed, the foreperson informed the judge that the jury no longer needed to be reinstructed on resisting arrest. The judge then repeated his earlier instruction on the elements of assault and battery on a police officer, including the supplemental instruction on the defendant's right to act in self-defense in circumstances where the police use unreasonable or excessive force. Although the defendant did not object to the instructions as given, he now claims that the judge's original supplemental instructions on resisting arrest were confusing,[4] and that the judge erred by not reinstructing the jury on resisting arrest, even though the jury withdrew their request to be reinstructed.
In the absence of an objection, our review is limited to determining whether there was error, and if so, whether the error created a substantial risk of a miscarriage of justice. Commonwealth v. Arias, 84 Mass. App. Ct. 454, 464 (2013). There was no error here. The judge properly instructed the jury as to the elements of resisting arrest and self-defense, including the use of unreasonable police force. The judge had "considerable discretion in framing jury instructions, both in determining the precise phraseology used and the appropriate degree of elaboration," Commonwealth v. Alden, 93 Mass. App. Ct. 438, 444 (2018) (quotation omitted), and we discern no abuse of that discretion in the judge's clarification of his supplemental instructions. Further, as the jury withdrew their request for reinstruction on resisting arrest, the judge properly limited his reinstruction to the elements of assault and battery on a police officer. Cf. Commonwealth v. Leahy, 445 Mass. 481, 500 (2005) ("A judge is not automatically required to repeat the whole or any part of his original instructions to the jury," even when faced with a jury request for reinstruction [quotation omitted] ).
2. Ineffective assistance of counsel. During his cross-examination of Toledo, defense counsel elicited testimony about the twelve-inch bat in the defendant's car. After first establishing through his questions that the defendant never grabbed or reached for the bat, defense counsel asked whether, "in the craziest world, he [the defendant] could have taken the bat and started beating you [Toledo] with it, right?" Toledo responded "Heaven forbid, but yes, he could have." For the first time on appeal, the defendant argues that defense counsel had no reasonable strategic basis for soliciting this testimony, which, he alleges, undercut his defense by emphasizing the officers' concern for their safety.
We generally do not review claims of ineffective assistance of counsel without the benefit of a motion for a new trial. See Commonwealth v. Zinser, 446 Mass. 807, 810-811 (2006). We address such claims on direct appeal only "when the factual basis of the claim appears indisputably on the trial record." Id. at 811 (quotation omitted). Where, as here, the claim of ineffectiveness is based on a tactical decision, a "challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight." Ibid., quoting from Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). However, even in the absence of a new trial motion, we are confident that the defendant was not deprived of his constitutional right to the effective assistance of counsel.
"In order to prevail ... the defendant must demonstrate that (1) defense counsel's conduct fell 'measurably below that ... [of] an ordinary fallible lawyer' (performance prong), and (2) he was prejudiced by counsel's conduct ... (prejudice prong)." Commonwealth v. Lys, 91 Mass. App. Ct. 718, 720 (2017), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The conduct "[a]t issue here is a strategic choice, and the question is whether that strategic choice was ... 'manifestly unreasonable.' " Commonwealth v. Hudson, 446 Mass. 709, 715-716 (2006). There was nothing unreasonable about asking Toledo whether the bat was within the defendant's reach where (1) evidence of the bat's presence had already been introduced, and (2) the evidence was uncontroverted that the defendant did not use the bat. To the contrary, it was reasonable to point out to the jury that the defendant could have escalated the fight by using the bat, but did not do so. There was no ineffective assistance of counsel.
3. Sufficiency of the evidence. The defendant moved for required findings of not guilty at the close of the Commonwealth's case as well as at the close of all the evidence. Both motions were denied. In these circumstances, "[w]e [first] consider the state of the evidence at the close of the Commonwealth's case to determine ... whether the Commonwealth [had] presented sufficient evidence of the defendant's guilt to submit the case to the jury." Alden, 93 Mass. App. Ct. at 444 (quotations omitted). We evaluate the sufficiency of the Commonwealth's evidence presented in its case-in-chief in the light most favorable to the Commonwealth, see Latimore, 378 Mass. at 676-677, and conclude that the Commonwealth met its burden of proof.
"A person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor ... by: (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another."
G. L. c. 268, § 32B(a ), inserted by St. 1995, c. 276. "[T]he crime is committed, if at all, at the time of the 'effecting' of an arrest." Commonwealth v. Grandison, 433 Mass. 135, 145 (2001). An arrest occurs when there is (1) "an actual or constructive seizure or detention of the person," (2) "performed with the intent to effect an arrest," (3) that is "so understood by the person detained." Commonwealth v. Grant, 71 Mass. App. Ct. 205, 208 (2008), quoting from Grandison, supra. "The standard for determining whether a defendant understood that he was being arrested is objective -- whether a reasonable person in the defendant's circumstances would have so understood."Grant, supra.
Here, the Commonwealth's evidence established that after the defendant was pulled from his car by two uniformed police officers for, among other reasons, failing to put his hands on the steering wheel, he refused a command to keep his hands on the hood of the car. Instead, he kept his hands clenched in his pockets and kicked (and kneed) the officer (Toledo) who removed his hands and attempted to pry open his fist. The defendant was then placed on the ground where he continued to struggle "violent[ly]" before he was placed in handcuffs. We conclude that, viewing this evidence in the light most favorable to the Commonwealth, a reasonable person in the defendant's circumstances would have understood that he was being arrested by the time he was placed on the ground. See Grant, supra. The defendant's continued struggle constituted an effort to prevent that arrest. Accordingly, the evidence was sufficient to satisfy a rational trier of fact of the elements of the crime beyond a reasonable doubt and the defendant's motion for a required finding of not guilty filed at the close of the Commonwealth's case was properly denied. See Commonwealth v. Sylvia, 87 Mass. App. Ct. 340, 343 (2015). See also Commonwealth v. Dobbins, 79 Mass. App. Ct. 555, 556 (2011).
We next consider the defendant's motion at the close of all the evidence, "to determine whether the Commonwealth's position as to proof deteriorated after it closed its case." Alden, 93 Mass. App. Ct. at 445. Deterioration occurs only where the defendant has presented "contrary evidence ... so overwhelming that no rational jury could conclude that the defendant was guilty." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 381 (2017) (quotation omitted). Where, as here, the Commonwealth's otherwise sufficient evidence has been contradicted only by the defendant's uncorroborated testimony, there has been no deterioration. See Alden, supra. The judge properly denied the defendant's second motion for a required finding of not guilty.[5]
Judgment affirmed.

The jury acquitted the defendant of two additional charges arising from the same incident: disorderly conduct, see G. L. c. 272, § 53, and assault and battery on a police officer, see G. L. c. 265, § 13D.

Prior to trial the defendant filed a successful motion in limine to exclude evidence that he was brushing off marijuana from his shirt and the front seat.

Specifically, the defendant claims error in the judge's specification that the first portion of his supplemental instructions -- those on excessive force and self-defense -- applied to both the assault and battery on a police officer and resisting arrest charges, whereas the instruction on unlawful arrest pertained only to resisting arrest.

"Other points, relied on by the defendant[ ] but not discussed in this opinion, have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).