The defendant, Hugo R. Baccarin, appeals from an order denying his motion to withdraw guilty pleas. His motion advanced the claim that "there was an insufficient factual basis to support" his guilty pleas. We discern no abuse of discretion or error of law in the judge's decision. We therefore affirm.
Background. In May, 2017, Baccarin pleaded guilty to assault and battery on a family or household member and vandalism. During the plea hearing, the prosecutor summarized the facts that supported the charges. The judge was informed that Baccarin punched his girl friend in the stomach, pushed her, and punched her in the back. The prosecutor also stated that Baccarin broke a door frame at the residence. Baccarin agreed that the facts recited by the prosecutor were true.
Approximately six months after pleading guilty, Baccarin filed a motion seeking to withdraw his guilty pleas. He claimed that his guilty pleas were invalid because there was no factual basis that he had committed an assault and battery on a family or household member or that he injured property of another, contrary to the requirements of Commonwealth v. Hart, 467 Mass. 322, 325-326 (2014).[2] After a hearing before the same judge who accepted the defendant's guilty pleas, the motion was denied. The judge concluded that "[t]he information obtained by the court in the course of the plea hearing was sufficient to support the charges to which the defendant pled."
Discussion. 1. Standard of review. "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001)." Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). We review the motion judge's conclusion for abuse of discretion or error of law. See Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015).
"A strong policy of finality limits the grant of new trial motions to exceptional situations, and such motions should not be allowed lightly." Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 394 (2012). We grant "substantial deference" to a decision on a new trial "when the judge passing on the motion is the same judge who heard the plea." Commonwealth v. Grant, 426 Mass. 667, 672 (1998), S.C., 440 Mass. 1001 (2003).
2. Denial of motion. A judge may accept a plea of guilty only if it is voluntarily and intelligently made, and "there are sufficient facts on the record to establish each element of the offense." Hart, 467 Mass. at 325, quoting Commonwealth v. DelVerde, 398 Mass. 288, 297 (1986). A trial judge "is not required to determine whether the defendant is or is not guilty of the offense charged, but [s]he need determine only whether the evidence which [s]he had heard, plus any information [s]he has obtained in the plea hearing, is sufficient, when considered with reasonable inferences which may be drawn therefrom, to support the charge to which the defendant is offering a plea of guilty." Commonwealth v. Jenner, 24 Mass. App. Ct. 763, 773 (1987).
General Laws c. 265, § 13M (a ), provides: "Whoever commits an assault or assault and battery on a family or household member shall be punished ...." Subsection (c ) (iii) of § 13M, the relevant subsection here, provides that " 'family or household member' shall mean persons who (iii) are or have been in a substantive dating or engagement relationship." In determining whether the parties are in a substantive dating relationship § 13M (c) (iii) instructs that "the trier of fact shall determine whether a relationship is substantive by considering the following factors: the length of time of the relationship; the type of relationship; the frequency of interaction between the parties; whether the relationship was terminated by either person; and the length of time elapsed since the termination of the relationship." The factors enumerated in § 13M (c ) (iii) are not elements of the offense of assault and battery on a family or household member. Therefore, the Commonwealth need not present evidence as to each of the factors and does not have to prove any one of the factors beyond a reasonable doubt. See Commonwealth v. Dustin, 476 Mass. 1003, 1006 n.7 (2016). Here, the judge heard that the victim was Baccarin's girl friend. This fact taken in conjunction with the judge's review of the impact statement, the discussions surrounding Baccarin's plea, and any reasonable inferences drawn from all the facts allowed the judge to determine that the victim qualified as a "family or household member."
We see no abuse of discretion or error of law in the judge's exercise of her "separate and independent duty ... to determine that a sufficient factual basis exist[ed] for the charge[s]" to which the defendant pleaded guilty. Hart, 467 Mass. at 325. As such, the motion judge properly denied the motion to withdraw guilty pleas.
Order denying motion to withdraw guilty pleas affirmed.

At oral argument, the defendant conceded that the facts presented at the plea hearing were sufficient to support the charge of vandalism. Therefore, we need not address that claim.