NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-700

COMMONWEALTH

vs.

ANDRE ECHEVARRIA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the denial of his motion to withdraw his guilty plea by a judge of the Suffolk Superior Court (motion judge). The defendant was indicted on charges of carrying a firearm without a license, third offense (count one); possession of a firearm without a license (count two); and carrying a loaded firearm without a license (count three). With regard to count one, the defendant was also charged with being an armed career criminal on the basis that he had previously been convicted of two violent crimes and a serious drug offense. See G. L. c. 269, § 10G. A jury was empaneled on January 21, 2014, and trial was scheduled to continue on January 23. However, on January 23, following plea negotiations, the defendant participated in a plea colloquy and pleaded guilty to so much of count one as alleged carrying a firearm without a

license, second offense, and being a level one armed career criminal, and count three.  Count two was dismissed at the request of the Commonwealth, as were the remaining portions of count one.  The defendant received the jointly recommended sentence of from six to seven years in State prison on count one and three years of probation on count three, to commence from and after the sentence imposed on count one.  Seven years later, on October 25, 2021, the defendant filed a motion to withdraw his guilty plea, arguing, inter alia, that that he was pressured to complete the plea colloquy under the threat of having to begin trial.[1]  That motion was treated as a motion for a new trial and denied without a hearing.  See Commonwealth v. Resende, 475 Mass. 1, 12 (2016).  On appeal, the defendant argues that his motion for a new trial should have been granted because his guilty plea was coerced as a result of the plea judge's statement that his case would proceed to trial if he could not confirm that he had received effective representation from his counsel.  We affirm.

Discussion.  "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30

---

[1] The defendant also argued that one of the underlying convictions supporting the armed career criminal enhancement had been subsequently vacated, after which a nolle prosequi was entered with respect to that charge.  However, he has not renewed that argument here.

(b)."  Resende, 475 Mass. at 12.  "[A] judge should only grant a postsentence motion to withdraw a plea if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth."  Commonwealth v. DeMarco, 387 Mass. 481, 486 (1982).

"For a guilty plea to be valid, it must be made voluntarily and intelligently."  Commonwealth v. Hart, 467 Mass. 322, 325 (2014), citing Huot v. Commonwealth, 363 Mass. 91, 99 (1973).  "To assess the intelligence and voluntariness of a defendant's plea, we necessarily rely on the defendant's sworn responses to the judge's informed questions made in the solemnity of a formal plea proceeding."  Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 638 (2007).  "While not solely determinative of the intelligence and voluntariness of a plea, the defendant's sworn statements at colloquy have undeniable bearing and heft in resolving a later claim to the contrary."  Id. at 639, citing Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 635-636 (2001).

"While '[t]he question whether a defendant was subject to undue pressure to plead guilty must be considered in some manner on the record . . . [n]o particular form of words need be used in the required inquiry of a defendant.'"  Commonwealth v. Sherman, 451 Mass. 332, 338 (2008), quoting Commonwealth v. Quinones, 414 Mass. 423, 434 (1993).  "Any defendant who pleads guilty does so under the weight of an assortment of pressures

3

that are intrinsic to such a situation." Commonwealth v. Bolduc, 375 Mass. 530, 536 (1978). "The recognition of these pressures on the defendant is not enough, however, to render the plea involuntary in a constitutional sense." Id.

An appellate court "review[s] the allowance or denial of a motion to withdraw a guilty plea to determine whether the judge abused that discretion or committed a significant error of law." Commonwealth v. Henry, 488 Mass. 484, 490 (2021), quoting Commonwealth v. Camacho, 483 Mass. 645, 648 (2019). The decision to deny such a motion lies within the sound discretion of the judge and will be reversed only if it appears manifestly unjust or where the proceeding was infected with prejudicial constitutional error. See Commonwealth v. Williams, 71 Mass. App. Ct. 348, 353 (2008), quoting Commonwealth v. Berrios, 447 Mass. 701, 708 (2006).

Here, we discern no abuse of discretion on the part of the motion judge in his denial of the defendant's motion for a new trial. During the plea colloquy, the plea judge and defendant discussed the defendant's representation. We recite the relevant portion of the exchange.

> "Q: And do you think that he has fully and fairly represented you at all time[s] and always acted in your best interests?
> A: No.
> Q: You[] do not?
> A: No.
> Q: Can you explain that to [me], Mr. Echevarria?

4

A:  I just don't believe he has.
Q:  Well, with regard to your change of plea, has he represented you and counseled you fully and fairly[?]
A:  I guess.
Q:  You guess?  Sir, I can't accept your change of plea to guilty unless you can tell me that [plea counsel] has been rendering effective assistance of counsel to you.  If you're not able to say that, then I'm going to proceed with the trial, sir.  You are entitled under the Constitution to effective assistance of counsel.  If you are telling me that you have not been enjoying effective assistance of counsel, then I'm going to bring the jury down and we're going to proceed with the trial.
A:  Well, under those circumstances, yeah, of course, he's been wonderful.
Q:  And do you mean that, sir?  Am I hearing that you've had some disagreements with him in the past?
A:  Uh-hum.
Q:  Is that true?
A:  Yes.
Q:  But as to this decision to plead guilty today, do you believe that he has rendered you effective assistance of counsel?
A:  Yes.
Q:  Do you believe that he has fully and fairly represented you with regard to your change of plea today?
A:  Uh-huh.
Q:  And do you think that he has acted in your best interest in counseling you whether or not to change your plea to guilty today?
A:  Uh-hum.
Q:  Is that a yes?
A:  Yes."

That the defendant may have been unhappy with his attorney is evident.  When the defendant expressed that unhappiness by stating that his counsel had not fully and fairly represented him at all times, the plea judge properly inquired more deeply into the meaning of his assertion.  See Hiskin, 68 Mass. App. Ct. at 638-639.  When asked to explain himself, he could not articulate any specific shortcoming in his counsel's

representation. In response to further inquiry, and before the plea judge stated anything regarding his impending trial, the defendant stated that "[he] guess[ed]" he received effective representation. Although the defendant used language that continued to express his unhappiness with the proceedings, this statement was a clear affirmation of the effectiveness of the representation the defendant received from his plea counsel prior to any statement by the plea judge regarding the impending trial. See Sherman, 451 Mass. at 338. See also Hiskin, 68 Mass. App. Ct. at 638-639. The plea judge explained to the defendant that he is entitled under the Constitution to effective assistance of counsel, and that, if he had not received such assistance, he had the option of proceeding to trial in lieu of pleading guilty. Whatever pressure the defendant might have felt as a result of his impending trial is of no issue, as all defendants face the possibility of trial when determining how to plead. See Bolduc, 375 Mass. at 536. The plea judge continued to question the defendant regarding his impression of plea counsel's representation, and on further clarification, the defendant repeatedly stated clearly that be believed he had received effective assistance.[2] We discern no

_____

[2] To support his motion for a new trial, the defendant submitted an affidavit asserting that he was "unnerved by the Court's insistence that we would proceed to trial" and so he "panicked and responded to her questions with answers that would cause her

6

abuse of discretion in the motion judge's denial of the motion for a new trial given these facts. See <u>Williams</u>, 71 Mass. App. Ct. at 353.

<u>Order dated December 17, 2021, denying motion to withdraw guilty plea affirmed</u>.

By the Court (Henry, Desmond & Englander, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered: July 5, 2023.

---

to accept the plea and avoid trial that day." The motion judge, however, "was free to reject [these assertions] as self-serving and contradictive of previously sworn professions." <u>Hiskin</u>, 68 Mass. App. Ct. at 640.

[3] The panelists are listed in order of seniority.