NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-756

COMMONWEALTH

vs.

ELVIS J. LUCKHAM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2013, the defendant was charged by complaint with operation of a motor vehicle while under the influence of intoxicating liquor (OUI); operation of a motor vehicle after his license had been suspended; and failure to stop for a police officer. The following year, the defendant pleaded guilty to the OUI charge, and in return, the Commonwealth entered notices of nolle prosequi as to the two remaining charges.

In 2021, the defendant filed a motion to withdraw his guilty plea, which was denied. On appeal, the defendant claims the judge erred in denying the motion because had he known of the misconduct of the Office of Alcohol Testing (OAT) as it related to breathalyzer tests and the resulting inadmissibility of such evidence in his case, he would not have pleaded guilty. See Commonwealth v. Hallinan, 491 Mass. 730, 745-751 (2023)

(defendant allowed to withdraw her admission to sufficient facts). We affirm.

"A motion to withdraw a guilty plea is treated as a motion for a new trial under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001)." Commonwealth v. Jean-Louis, 102 Mass. App. Ct. 348, 351 (2023). "A judge may grant the defendant's motion only if it appears that justice may not have been done" (quotations and citations omitted). Commonwealth v. Furr, 454 Mass. 101, 106 (2009). "We review the denial of a motion to withdraw a guilty plea to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Lastowski, 478 Mass. 572, 575 (2018), quoting Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016).[1]

Here, the defendant pleaded guilty after having taken a breathalyzer test that showed a blood alcohol content of 0.08 percent. However, that breath test was conducted at a time

---

[1] Relying on Commonwealth v. Mazza, 484 Mass. 539, 547 (2020), the defendant claims that our review is de novo because the motion judge was not the trial judge, and he took no evidence. We disagree. In Hallinan, on which this appeal is based, the Supreme Judicial Court reviewed for an abuse of discretion, not de novo, even though the motion judge was not the judge who took the defendant's plea, and despite the motion judge only conducting a non-evidentiary hearing. Hallinan, supra at 733, 745. See Commonwealth v. Hart, 467 Mass. 322, 324 (2014). Contrast Commonwealth v. Escobar, 479 Mass. 225, 227 (2018) (where it is question of statutory interpretation, review is de novo). In any event, we would reach the same result in this case under a de novo review.

during which the Supreme Judicial Court has held that defendants are entitled to a conclusive presumption of egregious government misconduct, see Commonwealth v. Scott, 467 Mass. 336, 338, 346, 352-353 (2014); Ferrara v. United States, 456 F.3d 278, 290-291 (1st Cir. 2006), and their breath test results are excluded from use at any subsequent trial.  See Hallinan, supra at 731, 755.

Under the second prong of the Scott-Ferrara test, the defendant must demonstrate a reasonable probability that he would not have pleaded guilty had he known of OAT's misconduct. See Hallinan, supra at 750.  Here, the motion judge analyzed the reasonable probability question through the lens of Commonwealth v. Clarke, 460 Mass. 30, 46-47 (2011), abrogated on other grounds by Chaidez v. U.S., 568 U.S. 342, 347 (2013), the defendant does not claim any separate impropriety because of this.  Under Clarke, the motion judge evaluates whether it would have been rational to reject the plea deal under the circumstances.  Id.[2]

---

[2] The motion judge held that it would not have been "reasonable or rational for the [d]efendant to go to trial."  In his brief, the defendant analyzed the five Hallinan factors as part of the evaluation of the second prong of the Scott-Ferrara test.  Those factors are:  "(1) whether evidence of the government misconduct could have detracted from the factual basis used to support the guilty plea, (2) whether the evidence could have been used to impeach a witness whose credibility may have been outcome-determinative, (3) whether the evidence is cumulative of other evidence already in the defendant's possession, (4) whether the evidence would have influenced counsel's recommendation as to whether to accept a particular plea offer, and (5) whether the

As the motion judge found, there was considerable evidence of impairment. The defendant displayed droopy, glassy, and bloodshot eyes, he could not focus, and a strong odor of alcohol and marijuana emanated from the car and from the defendant himself. When the police attempted to engage the defendant in conversation, he looked straight ahead and drove away, despite requests for him to stop. This permitted an inference of the defendant's consciousness of guilt. See Commonwealth v. Indrisano, 87 Mass. App. Ct. 709, 718 (2015). When he was eventually stopped a second time, and was out of the car, the defendant was swaying back and forth, he was unsteady on his feet, and he could not provide his name. Also, the defendant's blood alcohol content of 0.08 percent was not powerful evidence of his intoxication, unlike in Hallinan, where it was measured at 0.23 percent, which the court characterized it as the "crown jewel" of the Commonwealth's case. Hallinan, supra at 750.

Furthermore, the defendant did not provide any information about what advice he had received from counsel, nor was there an affidavit from plea counsel. Contrast id. at 751. Also, unlike Hallinan, the Commonwealth dismissed two additional charges when the defendant offered to plead guilty to the OUI, one of which

---

value of the evidence was outweighed by the benefits of entering into the plea agreement." Hallinan, supra at 750, quoting Scott, supra at 355.

4

carried a mandatory sixty-day suspension of his license, a period longer than that otherwise associated with a first offense OUI conviction in which a breathalyzer was administered. See G. L. c. 90, §§ 23, 24D, and 25.  In Hallinan, there were no charge concessions.  See Hallinan, supra at 751.  The motion judge properly weighed these factors against the defendant's claim.

At bottom, it was not an abuse of discretion for the judge to conclude that the defendant failed to demonstrate that there was a reasonable probability that he would not have pleaded guilty had he know about the inadmissibility of the breathalyzer results.  Accordingly, the defendant's motion to withdraw his guilty plea was properly denied.

Order denying motion to withdraw guilty plea affirmed.

By the Court (Meade, Singh & Smyth, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  December 8, 2023.

---

[3] The panelists are listed in order of seniority.